NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30610
23-NOV-2010
03:13 PM**

NO. 30610

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

H. ISABELLE MCGARRY TRUST OF MARCH 19, 1971,
Judgment-Creditor/Third-Party Defendant/Appellee,

v.

ROBERT HOFELICH and ANN MARIE HOFELICH,
Judgment-Debtors/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P. NO. 97-0004K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Howard Hofelich's appeal from the Honorable Elizabeth A. Stance's July 2, 2010 amended judgment and (2) the record on appeal, it appears that we do not have jurisdiction over appellate court case number 30610 because Howard Hofelich lacks standing to assert an appeal in this matter.

We initially note that Judgment-Creditor/Third-Party Defendant/Appellee H. Isabelle McGarry Trust of March 19, 1971 (Appellee McGarry Trust), initiated S.P. No. 97-004K by filing an exemplified California judgment pursuant to HRS § 636C-3 (1993), under which the California judgment "has the same effect and is

subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this State, including establishing a lien, and may be enforced or satisfied in like manner." HRS § 636C-3. Appellee McGarry Trust subsequently initiated S.P. 00-1-0014K and S.P. 00-1-0016K, attaching exemplified California orders awarding attorneys' fees and costs in favor of the McGarry Trust and against Appellees Robert Hofelich and Ann Marie Hofelich.

Although the instant case has primarily involved post-judgment proceedings for the purpose of Appellee McGarry Trust executing the exemplified California judgment against the assets of Judgment-Debtors/Appellees Robert Hofelich and Ann Marie Hofelich, on May 11, 1999, the circuit court entered an order authorizing Intervenor-Appellee South Pacific Scuba Tours, Inc. (South Pacific Scuba Tours), to intervene as a party in this case. Furthermore, on April 3, 2000, the circuit court entered an order authorizing Intervenors/Third-Party Plaintiffs/Appellees Jeff Bowden and Bonnie Bowden (the Bowden Appellees) to intervene as parties in this case, and the Bowden Appellees filed a complaint in intervention against Appellee McGarry Trust.

On June 23, 2000, the circuit court consolidated S.P. No. 97-004K together with S.P. No. 00-1-0014K and S.P. No. 00-1-0016K. Thereafter, in an apparent attempt to resolve all claims in S.P. No. 97-004K, including the Bowden Appellees' complaint in intervention, the circuit court reduced its dispositive orders to the July 2, 2010 amended judgment.

Throughout the duration of the consolidated cases,

Howard Hofelich has never obtained the circuit court's permission to intervene in S.P. No. 97-004K, S.P. No. 00-1-0014K and S.P. No. 00-1-0016K pursuant to Rule 24 of the Hawai'i Rules of Civil Procedure (HRCP).  The Supreme Court of Hawai'i has stated that

> [g]enerally, the requirements of standing to appeal are: (1) <u>the person must first have been a party to the action</u>; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

<u>Abaya v. Mantell</u>, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation and internal quotation marks omitted; emphasis in original).  "In other words, non-parties, who did not or could not intervene, are ordinarily denied standing to appeal." <u>Id.</u> (citation and internal quotation marks omitted; emphasis in original).  Accordingly, as a non-party in the underlying consolidated case, Howard Hofelich lacks standing to assert his appeal in appellate court case number 30610.

Although Howard Hofelich claims to be the trustee of Appellee McGarry Trust, the record on appeal shows that, as long as attorneys represented Appellee McGarry Trust in this case, Mark McShane was the trustee of record for Appellee McGarry Trust.  The attorneys for Appellee McGarry Trust eventually formally withdrew from representing Appellee McGarry Trust in this case, and the record on appeal does not contain credible evidence that Howard Hofelich ever replaced Mark McShane as the trustee of Appellee McGarry Trust.

Therefore, without reaching the issue whether the July 2, 2010 amended judgment is an appealable judgment that resolved all claims against all parties in the consolidated cases

of S.P. No. 97-004K, S.P. No. 00-1-0014K and S.P. No. 00-1-0016K,[1] we hold that, because Howard Hofelich is not a party in this case, Howard Hofelich is not entitled to assert an appeal on behalf of Appellee McGarry Trust. Based on Howard Hofelich's lack of standing to assert an appeal in appellate court case number 30610, this court lacks appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that appellate court case number 30610 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 23, 2010.

Presiding Judge

Associate Judge

Associate Judge

---

[1] See Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005) ("[A] judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification.").